■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB FRIAS, Appellant. [631 NYS2d 160] —Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered March 24, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal .possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years on each third degree sale and possession count and 1 year on the fifth degree possession count, unanimously reversed, on the law and the facts, and the matter remanded for a new trial.

As part of the proof with respect to the charge of selling crack and possessing it with intent to sell, the police officer testified on direct examination about a prior sale.

Counsel's alternative request for a limiting instruction should have been granted, and the failure to do so was prejudicial.

As this Court held in *People v Celestino* (201 AD2d 91, 97): "The fact that defense counsel never provided a proposed charge did not relieve the court of its responsibility to give a curative instruction nor did it act to waive an otherwise preserved claim."

In view of this determination, we find it unnecessary to reach the various other issues raised by the defense on the appeal. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Mazzarelli, JJ.